ADAM SWARTZ, plaintiff in error, *vs.* THOMAS L. BARNES, garnishee of J. Rapplye.

### Error to Hancock.

Affidavits cannot be used to qualify or contradict the positive statements of a record.

This was an action originally commenced before a justice of the peace. The garnishee appeared before the justice and answered. An appeal was taken to the Circuit Court. The cause came on to be heard at the September term, 1849, before Minshall, Judge. The judgment of the Circuit Court, which was rendered on the nineteenth of September, sets out that the par-

ties appeared by their attorneys, "and issue being joined, dispense with a jury, and for trial submit this cause to the Court; whereupon the Court, after the hearing of the evidence and arguments of counsel, finds the issue in favor of the said defendant, garnishee as aforesaid," and gave judgment for costs against the plaintiff. A motion for a new trial was entered on the twenty-second of September, which was overruled. A bill of exceptions was tendered and filed, on the last named day.

The bill of exceptions states, "that on the fifth day of September term, and on the calling of this cause for trial, came the parties by their attorneys, and thereupon a jury was ordered, and thereupon four of the jury were called by the clerk; whereupon the court, after hearing the arguments of counsel, determined the cause upon the merits, to which the plaintiff, at the time, excepted; and now again came the plaintiff by his attorney, and moved the Court to grant the plaintiff a new trial upon reasons and affidavits on file."

Five affidavits were filed, setting forth that the affiants understood plaintiff's counsel to state to the Court that he was willing to submit to the Court the question of law, to wit, "whether the judgment to be found by a jury, if any should be by them found, should be for money or personal property," and that they did not understand plaintiff's counsel to submit to the Court the matters of fact, and that he wished the cause tried by a jury.

Several errors were assigned, in substance, that Court erred in discharging the garnishee, and rendering judgment for costs against the plaintiff, and in deciding the cause upon the merits, when only a question as to the kind of judgment to be rendered, if the jury should find for the plaintiff, was submitted to the Court.

G. Edmunds, for plaintiff in error, on the argument, made the following points :

The suit was regularly commenced before the justice, and record shows sufficient. Revised Statutes, 60 and 61, secs. 9, 11 and 12, and p. 307, sec. 38. The paper filed as an answer, is not such an answer as the statute contemplates. It should have been on oath, in open Court, and not in writing, like an answer in Circuit Court. Revised Stat., p. 61, sec. 12, p. 67,

sec. 18. On appeal, trial to be without written pleadings. Revised Stat., p. 325, sec. 66.

The submission to Court at April term was waived by continuance, and subsequent attempt to try. Taking the whole record, it shows there was no submission at the September term, to the Court, or waiver of jury. The cause was not submitted to the Court for final hearing. The Court refused to impannel or submit cause to jury. Rev'sd Stat., p. 414, sec. 11. Should the judgment be for money or property, if jury found for the plaintiff, only was submitted.

The Court arbitrarily discharged the garnishee, and rendered judgment against plaintiff, without a hearing.

The record clearly shows, that the plaintiff did not consent to try the cause by the Court; that he did not dispense with or waive a jury; that there was a misunderstanding; the Court should have granted a new trial.

WILLIAMS & LAWRENCE, for defendant in error:

Record shows that there was not a refusal to submit the case to a jury, but that the case had been submitted to the Court, at a prior term, and that during the term at which the case was decided, four jurors were inadvertantly called to try the case; when, upon suggestion that the case had been submitted to the Court, the Court thereupon proceeded to give judgment.

The affidavits filed and included in the bill of exceptions do not properly form a part of the record. The record from the justice does not, but should show, that a judgment had been rendered against the defendant, before the Court could proceed against the garnishee. Proceedings against a garnishee are accessary to a judgment against some party.

Opinion by TREAT, C. J.:

The point relied on for the reversal of this judgment is, that the Court proceeded to hear and determine the case, instead of submitting it to a jury for trial, as demanded by the plaintiff in error. There is nothing in the record to sustain this assignment of error. The record expressly states that the parties dispensed with a jury, and submitted the cause to the Court for trial. This entry must be held to be conclusive of the question.

On a motion for a new trial, the plaintiffs read some affidavits, for the purpose of showing that he did not waive his right to a trial by jury, but the affidavits cannot here be used, to qualify or contradict the positive statements of the record.

As the evidence is not reported, no question arises as to the correctness of the decision of the Court, in discharging the garnishee.

Let the judgment be affirmed with costs.

*Judgment affirmed.*